UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
83 South Street
Suite 203
Freehold, New Jersey 070728
Telephone No. (732) 431-7575
Attorneys for Plaintiffs

**RECEIVED**

JUL 12 2011

AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

------------------------------------
Plaintiffs

MARKEITH DAIS, an Infant by his
Guardian ad Litem, MICHELLE
DAIS-HARVEY, and MICHELLE
DAIS-HARVEY, Individually

CIVIL ACTION NO.: 11-3986 (WJM)

vs.

CIVIL ACTION

Defendant

UNITED STATES OF AMERICA and DR.
GURMIT CHILANA

**COMPLAINT**

------------------------------------

Plaintiff, Markeith Dais, an infant by his Guardian ad Litem, Michelle Dais-Harvey, and Michelle Dais-Harvey, individually, residing at 345 Harrison Street in the City of Passaic, County of Passaic and State of New Jersey, complaining of the Defendants, deposes and says:

### JURISDICTION

1. The Plaintiffs are citizens of the United States of America and of the State of New Jersey residing at 345 Harrison Street in the City of Passaic, County of Passaic and State of New Jersey.

2. The Defendant, United States of America, is a public entity.

3. By passage of the Federal Tort Claims Act, 28 U.S.C. Section 1346(b) and 28 U.S.C. Section 2671-2680, the Defendant, United States of America, has consented to be sued in actions sounding in tort and Section 1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, United States of America, its agencies, agents, servants and/or employees.

4. As to Defendant, United States of America, the jurisdiction of this Court is predicated upon 28 U.S.C. Section 1346(b) and upon 28 U.S.C. Section 1331 in that it arises under the laws of the United States of America.

5. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

6. Plaintiff presented her claim to the appropriate federal agency, U.S. Department of Health & Human Services, Office of General Counsel, General Law Division, 330 Independent Avenue, SW, Washington, DC on or about November 29, 2010. (See Notice of Claim served November 29, 2010 and Order of Judge William J. Martini, U.S.D.J. dated October 21, 2010 annexed hereto as **Exhibit A**.)

7. More than six months have elapsed since the filing of said claim without any final disposition of said claim and accordingly, pursuant to 28 U.S.C. Section 2675(a), said claim has been denied and Plaintiff has exhausted her administrative remedies.

8. The claims of Plaintiff asserted herein involve claims of medical negligence by Defendant, Dr. Gurmit Chilana, in the course of his employment and agency with Paterson Community Health Center. On

information and belief, Paterson Community Health Center is a Federally Qualified Health Center and as such, its medical providers are covered under the Federal Tort Claims Act.

9. As to Defendant, Dr. Gurmit Chilana, the jurisdiction of this Court is predicated upon 28 U.S.C. Section 1367 as Plaintiffs contend that the claims that against Defendant, Dr. Gurmit Chilana, are so related to claims in the action against Defendant, United States of America, over which the court has original jurisdiction that they form part of the same case or controversy.

### FIRST COUNT

10. At all times relevant herein, Paterson Community Health Center, was a partnership, association and/or professional corporation engaged in providing medical services at its principal location of 32 Clinton Street, Paterson, New Jersey, and holding itself out to the general public as a facility providing reasonably competent medical care and employing reasonably skilled medical personnel.

11. Paterson Community Health Center, as a partnership, association and/or professional corporation engaged in providing medical services, owed a duty to provide its patients with reasonably competent medical personnel who exercise the requisite degree of skill, care and judgment exercised by other similar medical personnel in their profession.

12. At all times relevant herein, Defendant, Dr. Gurmit Chilana, was a medical doctor licensed by, and practicing in the State of New Jersey, and employed by, or otherwise was affiliated with the medical facility of Paterson Community Health Center.

13. Defendant, Dr. Gurmit Chilana, as a medical doctor licensed by, and practicing in the State of New Jersey, owed a duty to perform all necessary procedures to properly diagnose and/or treat his patients with the requisite degree of skill, care and judgment exercised by other physicians and/or medical providers practicing in the profession.

14. As aforesaid, on information and belief, Paterson Community Health Center is a Federally Qualified Health Center and as such, its medical providers are covered under the Federal Tort Claims Act.

15. From December, 1993 to July, 1994, Plaintiff, Michelle Dais-Harvey, came under the care and treatment of Defendant, Dr. Gurmit Chilana, and Paterson Community Health Center for pre-natal care for the pregnancy that resulted in the birth of the infant Plaintiff, Markeith Dais.

16. Defendant, Dr. Gurmit Chilana, did so negligently and carelessly examine and/or treat Plaintiff, so as to fail to diagnose intrauterine growth restriction during Plaintiff, Michelle Dais-Harvey's pregnancy with Plaintiff, Markeith Dais.

17. As a direct and proximate result of the negligence of Defendant, Dr. Gurmit Chilana, Plaintiffs, Markeith Dais, an Infant by his Guardian ad Litem, Michelle Dais-Harvey, and Michelle Dais-Harvey, Individually were deprived appropriate medical treatment and were caused to suffer from the aforesaid condition and were caused to sustain and did sustain serious and permanent injuries requiring care and treatment from other physicians and were caused to incur medical expenses and were otherwise damaged.

18. Defendant, United States of America, is liable for the negligence of Paterson Community Health Center, as a Federally Qualified Health Center, as well as its agents, servants and/or employees, including Defendant, Dr. Gurmit Chilana.

WHEREFORE, Plaintiffs, Markeith Dais, an infant by his Guardian ad Litem, Michelle Dais-Harvey, and Michelle Dais-Harvey, Individually, demand judgment against Defendant, United States of America and/or Defendant, Dr. Gurmit Chilana, in the amount of their damages, together with interest and costs of suit.

### SECOND COUNT

19. Plaintiffs, Markeith Dais, an infant by his Guardian ad Litem, Michelle Dais-Harvey, and Michelle Dais-Harvey, Individually, repeat and reallege each and every allegation of the First Count of the Complaint as though set forth herein more fully at length.

20. At all times relevant herein, Plaintiff, Michelle Dais-Harvey mother and natural guardian of Plaintiff, Markeith Dais.

21. As a direct and proximate result of the negligence of Paterson Community Health Center and Defendant, Dr. Gurmit Chilana, Plaintiff, Michelle Harvey-Dais was caused to be deprived of the services, society, companionship and consortium of Plaintiff, Markeith Dais, was caused to incur medical and extraordinary life care expenses, and was otherwise damaged.

WHEREFORE, Plaintiffs, Markeith Dais, an infant by his Guardian ad Litem, Michelle Dais-Harvey, and Michelle Dais-Harvey, Individually, demand judgment against Defendant, United States of America and/or

Defendant, Dr. Gurmit Chilana, in the amount of their damages, together with interest and costs of suit.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Robert G. Hicks

DATED: July 5, 2011