UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARKEITH DAIS**, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br><br>Defendants. | Civ. No. 2:11-cv-03986 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Markeith Dais and Michelle Dais-Harvey filed this medical malpractice action against the United States of America and Dr. Gurmit Chilana (collectively "Defendants"). This matter comes before the Court on the Plaintiffs' motion to reopen pursuant to Federal Rule of Civil Procedure 60. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion to reopen is **DENIED**.

**I.  BACKGROUND**

   **A.  LEGAL FRAMEWORK**

It is well established that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Library of Congress v. Shaw*, 478 U.S. 310, 315 (1986) ("As sovereign, the United States, in the absence of its consent, is immune from suit"). Congress may waive sovereign immunity through unequivocal statutory language, but all waivers of sovereign immunity must be narrowly construed. *Library of Congress*, 478 U.S. at 318-21.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, is a limited waiver of the sovereign immunity by the United States for negligence of federal employees committed while acting within the scope of their federal employment. 28 U.S.C. § 2674. In such cases, the federal employee is immune from suit and the plaintiff's exclusive right of action lies against the United States. 28 U.S.C. § 2679(b). To bring a claim under the FTCA, a claimant must first present its tort claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Santos ex rel. Beato v. United*

*States*, 559 F.3d 189, 193 (3d Cir. 2009).  If the agency denies the claim or fails to resolve it within six months, then the claimant may file an action in federal court.  *See* 28 U.S.C. § 2675(a); *Santos*, 559 F.3d at 193.  This administrative exhaustion requirement "is jurisdictional and cannot be waived."  *Lightfoot v. United States*, 564 F.3d 625, 627 (3d 2009).

### B.  FACTS

Dr. Gurmit Chilana is an obstetrician who worked in his own private practice. (Declaration of Pamela R. Perron ("Perron Decl.") Ex. B, Chilana Dep. 20:10-17, ECF No. 33-2.)  In the late 1980s or early 1990s, Dr. Chilana started working for the Paterson Community Health Center ("PCHC") on a part-time basis.  (Chilana Dep. 16:19-25.)  The PCHC was deemed to be a federal employee of the Public Health Service for the period December 15, 1993 through January 1, 1996.  (Perron Decl. Ex. A.)  In 1993-94, Dr. Chilana provided obstetrical services to PCHC patients for approximately four hours a week.  (Perron Decl. Ex. C, Garner 15:13-17, 22:2-23:13.)  In 1994, Dr. Chilana carried his own professional malpractice insurance through Medical Inter-Insurance Exchange.  (Perron Decl. Ex. E.)  The policy provided for broad coverage of "[i]njury arising out of the rendering of or failure to render, on or after the retroactive date, professional services by the individual insured."  (Perron Decl. Ex. E, Policy at 1, ¶ I.)

Michelle Dais-Harvey, the mother of Markeith Dais, received prenatal care at the PCHC.  Ms. Dais-Harvey first presented to PCHC on December 3, 1993.  Dr. Chilana, among others, provided Ms. Dais-Harvey's prenatal care.  Plaintiffs' original Complaint alleged that, during the course of Ms. Dais-Harvey's care, Dr. Chilana failed to diagnose an inter-uterine growth restriction resulting in the birth of Plaintiff, Markeith Dais, on July 12, 1994, with multiple, severe disabilities.  Plaintiffs' Amended Complaint added allegations that unknown employees of PCHC negligently failed to carry out testing ordered by Dr. Chilana.

### C.  PROCEDURAL HISTORY

Only the relevant procedural history is summarized here.  Plaintiffs initially filed an action in state court on June 21, 2007 against Dr. Chilana and PCHC.  *Dais and Dais-Harvey v. PCHC, Chilana, et al.*, Superior Court of New Jersey, Passaic County PAS-L-2613-07.  On August 10, 2010, the United States Attorney removed the action to this Court based upon certifications that PCHC and Dr. Chilana were deemed federal employees acting within the scope of federal employment.

The United States then moved to dismiss for lack of subject-matter jurisdiction on the ground that Plaintiffs had failed to exhaust their administrative remedies.  On October 21, 2010, the Court dismissed the case without prejudice for lack of subject matter jurisdiction to allow Plaintiffs an opportunity to exhaust their administrative remedies.

Plaintiffs filed an administrative tort claim with the Department of Health and Human Services ("HHS") on November 29, 2010. Plaintiffs described the basis of their claim as follows:

> This claim arises out of substandard medical care provided by Dr. Gurmit Chilana, and [sic] agent, servant and/or employee of Paterson Community Health Center, a Federally Qualified Heath Center. More specifically, Dr. Chilana rendered pre-natal care to claimant's mother and failed to property diagnose and treat inter-uterine growth restriction as is detailed in the report of Dr. Richard Luciani, a Board Certified Obstetrician and Gynecologist submitted herewith. As a result, Claimant suffers from severe developmental disabilities and will never be able to live independently.

On July 12, 2011, after six months had elapsed without a final disposition of Plaintiffs' administrative claim, Plaintiffs filed a new Complaint in this Court against the United States and Dr. Chilana. On February 2, 2012, Plaintiffs filed an Amended Complaint adding allegations that unidentified PCHC employees negligently failed to carry out testing ordered by Dr. Chilana. The United States then moved to dismiss all of the claims against it that were based on Dr. Chilana's conduct.

On October 22, 2012, the Court dismissed the entire Amended Complaint without prejudice. In its opinion, the Court noted that Plaintiffs had filed an Amended Complaint adding allegations of negligence against unidentified PCHC employees. *Dais v. United States*, No. 2:11-cv-03986, 2012 WL 5200043, at * 2 (D.N.J. Oct. 22, 2012). The Court found that Dr. Chilana was not a deemed federal employee. *Id.* at *4. The Court then dismissed the entire Amended Complaint without prejudice, because Plaintiffs had not established that the Court had subject matter jurisdiction over the action. *Id.* On April 4, 2013, Plaintiffs filed the instant motion, seeking to reopen the case and restore the Amended Complaint.

## II. DISCUSSION

Plaintiffs move to restore the Amended Complaint under Federal Rule of Civil Procedure 60, arguing that the Court mistakenly dismissed their claims against unknown PCHC employees. Defendant argues that restoring the Amended Complaint would serve no useful purpose because the Court lacks subject matter jurisdiction over those claims. Specifically, Defendant argues that Plaintiffs have failed to administratively exhaust their claims alleging negligence by unknown employees. The Court, which has jurisdiction over this closed case to consider its own jurisdiction, agrees. *Atl. City Mun. Utilities Auth. v. Reg'l Adm'r*, 803 F.2d 96, 103 (3d Cir. 1986) ("[C]ourts have jurisdiction in every case to determine their own jurisdiction.").

There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks,

which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a factual attack, as is being made here, the Court is free to consider extrinsic evidence because the Court's very power to hear the case is at issue. *Id.*; *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). The plaintiff bears the burden of proof that jurisdiction does in fact exist. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude a trial court from evaluating for itself the merits of the jurisdictional claim. *Mortensen*, 549 F.2d at 891.

First, the record here contains nothing showing that the unknown employees who treated Plaintiffs were in fact federal employees. The deposition that Plaintiffs cite for this proposition proves only that all but four OB/GYN doctors were federal employees.[1] (Pl's Reply Br. Ex, A, 15:13-16:2.) It does not speak to whether the other PCHC personnel were federal employees. (*Id.*)

Additionally, Plaintiffs have not administratively exhausted their claims against the unknown employees. To satisfy the administrative exhaustion requirement, a claimant must give the appropriate agency written notice of his claim sufficient to enable the agency to investigate, and resolve or settle, the claim. *See Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003); *Tucker v. U.S. Postal Service*, 676 F.2d 954, 956 (3d Cir. 1982). An administrative claim need not propound every theory of liability in order to satisfy the FTC. *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011-12 (7th Cir. 1991). However, "[a] plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts." *Id.* Accordingly, courts have dismissed allegations in FTCA suits that were not alleged in the plaintiff's administrative claim for lack of subject matter jurisdiction. *See, e.g.*, *Schunk v. United States*, 783 F. Supp. 72, 81 (E.D.N.Y. 1992) (dismissing certain allegations because administrative claim was insufficient to allow the government to evaluate those allegations, and therefore plaintiff failed to exhaust administrative remedies). For instance, in *Skyers v. United States*, the court dismissed FTCA claims against several defendants that were not named in the administrative tort claim. No. 12 Civ. 3432, 2013 WL 3340292, at *13 (S.D.N.Y. July 2, 2013). There, the plaintiff had filed an administrative tort claim alleging that a single

---

[1] Plaintiff refers to the following testimony:

> Q. Dr. Brault also indicated to us that while he couldn't give us any specifics, there were medical personnel, medical providers, that were W-2 employees prior to 1996 but that he was unaware of any specific records that were available.
> With that background, can you shed any light on Dr. Chilana or, for that matter, any of the doctors that were part of the OB group and their status as to whether they were W-2 employees or 1099 employees as of any time prior to 1996?
>
> A. All providers -- with exception of that OB/GYN group, the four of them, all providers were W-2 employees. That group was the exception, and they were 1099 employees from the time that they started until the end of February of '96.

4

doctor failed to treat his injury. *Id.* at *4. The plaintiff then filed an FTCA claim in district court against that doctor and several additional defendants arising from the same injury. *Id.* at *1. Because the administrative claim only mentioned the doctor and did not complain of any other denial of treatment, the court held that the plaintiff had not exhausted his administrative remedies as to the additional defendants and dismissed those claims. *Id.* at *13.

Plaintiffs have not exhausted their claims against any defendant besides Dr. Chilana. Here, the administrative tort claim filed with HHS states:

> This claim arises out of substandard medical care provided by Dr. Gurmit Chilana, and [sic] agent, servant and/or employee of Paterson Community Health Center, a Federally Qualified Heath Center. More specifically, Dr. Chilana rendered pre-natal care to claimant's mother and failed to property diagnose and treat inter-uterine growth restriction as is detailed in the report of Dr. Richard Luciani, a Board Certified Obstetrician and Gynecologist submitted herewith. As a result, Claimant suffers from severe developmental disabilities and will never be able to live independently.

(Hawkin's Decl. Ex. A, at 1, ECF 50-1.) That description conveys quite specifically that Dr. Chilana's conduct is the conduct at issue. Moreover, the administrative tort claim is based on different facts than the instant claim. The former alleges that Dr. Chilana failed to properly diagnose and treat Plaintiffs, while the latter alleges that Dr. Chilana ordered the correct tests and unknown employees failed follow through on his instructions.

HHS was not afforded the opportunity to investigate, and resolve or settle, the allegations of negligence against unknown employees. Contrary to Plaintiffs' assertion, the typographical error in the administrative claim did not put HHS on notice of the alleged negligence by unknown employees. Rather, to make grammatical sense of that sentence, a reader must assume that the "d" in "and" is a mistake, and would reasonably conclude that only Dr. Chilana's alleged malpractice was at issue. And Dr. Luciana's attached expert report confirmed that Plaintiffs' claims focused on Dr. Chilana. Dr. Luciana wrote that "[a] thorough review of all documents presented indicates that Dr. Gurmit Chilana deviated from the accepted standards of care regarding treatment rendered to Ms. Michelle Dais-Harvey." (Pl's Mt. to Reopen Ex. B, at 2, ECF No. 48-4.) He concluded the Case Analysis section of his report by stating that "Dr. Chilana totally mismanaged Ms. Dais as indicated." (*Id.* at 5.) Finally, HHS's stated reason for denying Plaintiffs' claim – that ". . . Dr. Chilana was a part-time contractor of PCHC who was not entitled to FTCA coverage . . ." – indicates that HHS's investigation focused on Dr. Chilana's conduct. (*See* Hawkin's Decl. Ex. D, at 1.) Thus, the claim filed with HHS does not satisfy the administrative exhaustion requirement for the allegations of negligence against unknown PCHC employees.

Plaintiffs argue that it is the law of the case that the Court has subject matter jurisdiction over these claims, because the Court allowed Plaintiffs to file the Amended Complaint. This argument fails because the law of the case doctrine only applies to issues expressly decided by a court in prior rulings and to issues decided by necessary implication. *Bolden v. Se. Pa. Transp. Auth.*, 21 F.3d 29, 31 (3d Cir. 1994). Because the court did not address subject matter jurisdiction in its order permitting the Amended Complaint, that order cannot be the basis for a law of the case argument concerning jurisdiction. *See Walsh v. McGee*, 918 F. Supp. 107, 112 (S.D.N.Y. 1996).

Furthermore, questions of subject matter jurisdiction are generally exempt from law of the case principles. 18 Wright, Miller & Cooper, § 4478, at 799 & n. 32. "[A] federal court cannot create jurisdiction where none exists." *Steele v. Meadows*, No. 07-cv-3542, 2008 WL 597790, at *1 (E.D. Pa. Mar. 5, 2008). Accordingly, a federal court cannot assert jurisdiction merely by relying on its own prior decision that jurisdiction over the claim was proper. *Walsh*, 918 F. Supp. at 112. As Justice Scalia has explained, "it is a Court's obligation to dismiss a case whenever it becomes convinced that it has no proper jurisdiction, no matter how late that wisdom may arrive." *Wyoming v. Oklahoma*, 502 U.S. 437, 462 (1991) (Scalia, J., dissenting). Therefore, because the record does not provide any basis for subject matter jurisdiction and because Plaintiffs have failed to satisfy the requirements of the FTCA, the Court must dismiss Plaintiffs' claims.

## III. CONCLUSION

For the reasons stated above, this action is **DISMISSED** for lack of subject matter jurisdiction and Plaintiff's motion to reopen is **DENIED** as moot. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 26, 2013**